UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:22-cr-21-SPC-NPM

RICHARD LUTHMANN

## OPINION AND ORDER[1]

Before the Court are four motions filed pro se by Defendant Richard Luthmann:

1. Motion to Terminate Supervised Release (Doc. 5)

2. Motion to Request for Ruling on Prospective Travel to Chicago, IL and to the Southern District of Florida (Doc. 10)

3. Declaration in Support of Emergency Application (Doc. 12), which is construed as a motion

4. Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14)

The United States Probation Office and the Government oppose the first two motions. (Doc. 13).

In 2019, Defendant was sentenced to 48 months' imprisonment and 3 years' supervised release by a federal judge in the Eastern District of New York

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

("EDNY") for wire fraud and extortion offenses.[2] He was also ordered to pay $559,911.26 in restitution. Since sentencing, Defendant has completed his prison term but is on supervised release. He started supervised release in August 2021 in the EDNY, but jurisdiction was transferred here about seven months later. (Doc. 4).

Defendant has served about half of his supervised release term, yet he asks the Court to end, change, or reduce the term. (Doc. 5). Relatedly, he asks to travel to Chicago for about one week "to practice journalism, take meetings, and take in the culture."[3] (Doc. 10 at 1). He also asks for open travel to the Southern District of Florida to work "face-to-face and hands-on with" Frank Parlato, an investigative journalist. (Doc. 10 at 3). Defendant says all requested travel will let him earn money and help his transition to society.

After considering factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the

---

[2] One condition of supervised release is that Defendant cannot leave the judicial district where he lives without his probation officer's or the court's permission.

[3] The so-called emergency of Defendant's Motions is only that he has arrangement to fly to Chicago on March 17, 2023, as well as the scheduled meetings and other leisurely plans.

defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid needless sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After reviewing Defendant's motions and other papers against the above law and record in the criminal case, it denies all requested relief. To start, the EDNY judge presided over the criminal case and considered all the evidence, arguments, and filings (e.g., presentence investigative report, sentencing memoranda, evaluations, etc.) to impose a sentence sufficient, but not greater than necessary to meet the goals of sentencing.[4] That sentence included the three-year term of supervised release. And Defendant has not persuaded this Court to exercise its discretion to terminate, change, or reduce Defendant's supervised release as originally imposed.

The Court is concerned that Defendant's restitution remains unpaid. He admits that he has little (to no) money and relies on others to support him. So

---

[4] The EDNY judge issued a below Guidelines sentence.

3

the Court is not inclined to let Defendant travel to Chicago for reasons like attending two matinee performances of off-Broadway shows, touring museums, and sightseeing, all the while staying at an unknown person's apartment who is "out of town." (Doc. 10 at 3-4). Nor is the Court inclined to let Defendant travel to Chicago for business or throughout the Southern District of Florida (which spans Fort Pierce to Key West) to intern for Mr. Parlato. Although the Court appreciates Defendant's efforts to pursue a new career under Mr. Parlato's wing, he can do so after his supervised release term ends in eighteen months. Meanwhile, the Court is confident Defendant can work with his probation officer to secure employment within this District to help earn money for restitution.

At bottom: the interest of justice is best served in maintaining the status quo. Anything less than the three-year term of supervised release with the travel restriction as originally imposed would not promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. And the nature of Defendant's offense, his history, the need to deter him from future crimes, and the need to protect the public further support denying all the Motions.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Terminate Supervised Release (Doc. 5) is **DENIED**.

2. Defendant's Motion to Request for Ruling on Prospective Travel to Chicago, IL and to the Southern District of Florida (Doc. 10) is **DENIED**.

3. The Declaration in Support of Emergency Application (Doc. 12) is **DENIED**.

4. Defendant's Second Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14) is **DENIED as moot**.

**DONE AND ORDERED** in Fort Myers, Florida on March 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:   Richard Luthmann
          Counsel of Record