# EXHIBIT "C"

**MEMORANDUM**

**By E-mail and Hand**

TO:    US Probation Office, MDFL

FROM:    Richard Luthmann
          338 Sugar Pine Lane
          Naples, FL 34108
          Tel: (239) 631-5957
          E: Richard.luthmann@gmail.com
          E: LuthmannRichard@gmail.com

DATE: April 3, 2023

Prepared for April 3, 2023, 11:00 a.m. meeting with US Probation Officer Katrina Harmaty, USPO MDFL, Katrina_Harmaty@flmp.uscourts.gov,

Through this memorandum, I am attempting to give an update and raise concerns about my particular challenges to further aid the US Probation Office in accomplishing the valid penological goals and congressional commands embodied in 18 U.S.C. § 3553(a) and elsewhere.

**Part-Time Remote Writing Job Offers**

I have two part-time remote job offers right now.

James Hufnagel, Managing Editor, Niagara Falls Reporter, 716-930-1043
- Part-time job offer as a writer for the newspaper
- Want to explore the transfer of supervision to WDNY, depending on whether I am capable of working there.

J. Gary DiLaura, FBI Special Agent (ret.), 716-628-9003
- Part-time job offer as a writer/editor/website manager for his column/newsletter

USPO Amadori previously sent me a few links to try with job leads through disability. A few of the links were broken, and the rest were not suitable because of transportation and/or disability limitations.

**Journalism Union**

I joined the National Writers Union as a writer and a journalist. I am trying to develop my skills so I can make more than $15 an hour. Much of my work to date has been as an unpaid income, just to get my name out there, establish a publication history, and get "free" training and education in the writing and journalism trade.

### New Medical Provider

Dr. Yamilet Oliver – Psychiatric Intake Session 4/11/2023
Dr. Oliver wants to start from the beginning with me because I have not been able to see a mental health professional since last December. Jason (forgot the last name), my nurse practitioner, left David Lawrence Center. There was trouble finding a new provider for several reasons, one of which was my Primary Physician dropping Florida Blue coverage. I finally found a new Primary Care Physician, who referred me to Florida Personal Management, and Dr. Oliver, who wants to "begin again" from the baseline and reassess my medication and treatment plan.

I have been taking my proscribed medication, but I have had big issues with anxiety and mood swings since January. I have had no nurse practitioner to speak to, and until recently, I did not have a General Physician because of a change in coverage. I only have come to learn that David Lawrence Center and the Nurse Practitioners took me off of mood stabilizers, and I haven't been proscribed them for many months. This is not mental health best practices. I have been suffering because of it.

The US Government gave me a bipolar disorder diagnosis. See the Statement of Reasons in US v. Luthmann, 17-CR-664:

> Defendant has been an abuser of alcohol and cocaine. PSR ¶ 99; Def. Sent. Mem. 4-5. He reports drinking 1.75 liters of scotch each day throughout 2017 and spending "a couple of hundred [dollars]" on cocaine each week. PSR ¶ 99. The drug and alcohol use appears to have compounded Luthmann's existing mental health issues. He was diagnosed with anxiety and depression in 2012, and prescribed drugs which interact poorly with alcohol and drugs. PSR ¶ 96; Def. Sent. Mem. 4.
>
> His mental health problems persisted after his arrest for the instant offenses. While released on bail in April 2018, Defendant admitted himself to a hospital because he believed he has having a nervous breakdown resulting from his marital problems. PSR ¶ 97. He was diagnosed with Bipolar I Disorder and hospitalized for 11 days. Id. Following his return to detention, this court ordered Luthmann to undergo a forensic mental health evaluation for a determination of his competency to stand trial. PSR1198. The evaluator concluded that a more appropriate diagnosis for Defendant is Bipolar II Disorder. Id. He spent several months at a mental health treatment facility for purposes of this evaluation.

I have just come to learn that mood stabilizers and a bipolar diagnosis are not a good thing. Hopefully, this will all be rectified next week when I see Dr. Oliver.

2

Earlier in my supervision, I spoke regularly with Casey Portner about my issues, and he was a big help. I believe that if I was still able to speak with someone, this medical issue could have been caught months ago. USPO Officer Amber Jean discontinued my sessions with Casey Portner, after USPO Monica Holsteen left. It was Officer Holsteen who previously identified that I benefitted from the help that my sessions with Casey Portner afforded.

### Disability Case

Lawrence Almagno, Jr., Attorney, 401-946-4529

The hearing is now scheduled for May. However, it will likely be adjourned because Attorney Almagno is getting an updated report from a vocational expert to show my working limitations. The District Court's recent opinion confirms important and substantial legal limitations on my employment in addition to the existing medical, psychological, and emotional limitations. The vocational expert's report will cover all of this.

I have to help with this case. If I can get a disability award, I am entitled to $733 a month plus back-payment since my April 2021 application ($17,592 to date), less attorneys and expert fees and costs.

### Sick Grandmother -Primary Caretaker

My grandmother is currently in and out of the hospital and is ill. She is 90 years old. She has masses in her colon that may be malignant. I am one of her primary caretakers, along with my mother and my stepfather.

### Knights of Columbus, Altar Service, and Catholic Faith

I joined the Knights of Columbus, and I have trained as an altar server at Saint Williams Roman Catholic Church in Naples, FL. See the attached. I regularly attend mass and church events.

### Sobriety

I have endeavored to live a sober lifestyle, and I attend AA meetings.

### Pending Motions on NYS Case

I have a videographic conference scheduled for tomorrow, April 4, 2023, in my New York case, People v. Luthmann. There is a pending motion to set aside the indictment based upon unprecedented prosecutorial misconduct and perjury by the Special Prosecutor, a sitting NYS Supreme Court Justice, and others. See the attached.

There may be several appearances in the case, including in-court hearings. I am seeking to represent myself, and I will need to be present in the New York State court to conduct the hearing, confront and question witnesses, offer evidence, etc.

If the indictment is dismissed, the case is over. If the conviction is overturned, I go back to pre-trial status, and I have to defend the case.

Because I am trying to clear my name and represent myself, this case is taking substantial time and energy every week, and I already have limitations.

There is also a pending NYS Appeal that I may have to perfect, and I am proceeding *Pro Se* in that case, which will also take substantial time and effort.

**Collections Cases**

I owe the US Government over $600,000 in restitution and close to $1 million, all debts considered. I have over half a million dollars in uncollected legal billables that can be used to satisfy these debts. I file the first two of these cases – Luthmann et al v. Hanks and Luthmann et al. v. Castorina. The US Government gets the proceeds of these cases. See the attached.

Attorney Lawrence Almagno, Jr. – 401-946-4529 - is representing me on these cases.

The problem is, that substantial work needs to be done on these cases to get them ready to be put into suit. They all grow stale THIS YEAR, and I lose the right to sue because of the statute of limitations.

Attorney Almagno wanted me to work for him to get these cases together so I could put them into suit. USPO Amadori said that there were US Probation policies that said I couldn't work for him, even though Judge Weinstein's Judgement of Conviction specifically said I could work as an attorney but not for attorneys.

Judge Polster-Chappell's recent Decision didn't address these issues at all. I had hoped I would have been given an oral argument to explain all these nuances.
The best chance that the victims of my case and the US Federal Government and its taxpayers have in getting made whole is through these earned and uncollected billables. I need to work on them, or I lose the right to collect. This is a far better use of my time in paying the US Government and my victims back than working any $ 15-an-hour wage job, which will ultimately ensure that the US Government, its taxpayers, and my victims will never get paid back.

I would ask for permission to work for Mr. Almagno, solely on my own cases, so I can make the US Government, its taxpayers, and the victims in my case whole, consonant with 18 U.S.C. § 3553(a). If there are specific US Probation Policies and Procedures that are problematic, please give me written copies of them. I want to make this work, but Government action precluding me from collecting monies that would satisfy my debts when Judge Weinstein said that I could do this

work constitutes a taking under the Fifth and Fourteen Amendments. Talk to the US Attorney on this. They will tell you that I have an argument here.

Please allow me to help collect the debts that I am owed so that I can pay back restitution. At $15 an hour, it will take me 40,000 hours to pay back just the restitution, with no living expenses factored in. That would be approximately 770 weeks or almost 15 years. Assuming I had a 40 hour week at $15 an hour and was paid $600 weekly, the statutory formula excludes the first $225 from collection. Of the remaining $375, twenty (20) percent is subject to Government attachment according to the gross income level. That number becomes approximately $75.

With a $ 75-a-week amount going to the Government, it will take me approximately 8,000 weeks or 154 years to pay back the Government, looking only to wage-paying jobs, and not developing any education or craft to develop my skills to command a higher wage.

**Law of the Case and Sentencing Disparity**

The docket from the US v. Luthmann EDNY case is fully included in the MDFL docket and is part of the case. The law of the case doctrine fully applies.

In addition to the Judgement of Conviction, where I am specifically allowed to work for attorneys, the following is squarely relevant:

| 05/21/2018 | 116 | Minute Entry for proceedings held before Magistrate Judge Ramon E. Reyes, Jr: Pleading as to Michael Beck held on 5/21/2018. Michael Beck (3) withdraws not guilty plea and enters a GUILTY PLEA to Counts 7, 8, 9, 10 and 11. Order of bond conditions continued for deft. Deft's counsel is directed to submit the requested bond modification by 5/22/2018. (Sentencing set for 9/13/2018 at 10:30 AM in Courtroom 10B South before Judge Jack B. Weinstein.) (FTR Log # 5:09:14-5:39:54.) (Barrett, C) (Entered: 05/23/2018) |

My co-defendant Michael Beck pleaded guilty to kidnapping charges enhanced by the use of a firearm in the commission of the crime. Beck was allowed the travel allowances in the orders contained herein, many AFTER his admission to his commission of a crime of violence using a firearm. He also received only two (2) years of supervision from the Court.

| 07/09/2021 | 295 | JUDGMENT as to George Padula, III (2), Count(s) 1, 10, 11, 2, 3, 3s, 4, 4s, 5s, 6s, 7, 8, 8s, 9, Dismissed on Motion of the United States; Count(s) 1s, 2s, 7s, Imprisonment: Count 1: 42 months; Count 7: 42 months to run concurrently to the term imposed in Count 1; Count 2: 24 months, to run consecutively to the terms imposed in Counts 1 and 7; Supervised Release with Special Conditions: 2 years; Special Assessment: $300; Restitution: $559,911.26; Forfeiture Order. The Court recommends |

5

|  | designation to the MDC and placement in the CADRE Program. So Ordered by Judge Raymond J. Dearie on 6/28/2021. (Attachments: # 1 Forfeiture Order) (Lee, Tiffeny) (Entered: 07/09/2021) |
|---|---|

My other co-defendant, George Padula, III, also only received two (2) years of supervision from the Court, having been convicted of a crime of violence enhanced by the use of a firearm.

I never used a firearm and did not commit a crime of violence.

Judge Polster-Chappell clearly erred in her recent ruling in this and other important areas, because the Court does not mention or consider the law of the case doctrine, the application of the law of the jurisdiction of judgment (EDNY, Second Circuit), or sentencing disparity, and as such, I am considering a motion for reconsideration and, if warranted, an appeal to the Eleventh Circuit. See the attached.

## Conclusion

I look forward to continuing to work with US Probation to further the purposes of my supervision, including but not limited to the penological goals and congressional commands embodied in 18 U.S.C. § 3553(a).

The foregoing is all true to the best of my knowledge and belief.

Dated: Naples, Florida
April 3, 2023                                                  /S/ Richard Luthmann
                                                                     Richard Luthmann

CC:   File
      Lawrence P. Almagno, Jr., Esq.
      Mario Romano, Esq.
      Stephanie Jones, Esq.
      USPO Supervisor Officer Scott Fanelli (scott_fanelli@flmp.uscourts.gov)

6





The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

May 8, 2018

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Michael Beck
Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

I represent Mr. Beck in the above-referenced matter. In early January 2018, Mr. Beck was released pending trial on a fully secured bond and the condition of, inter alia, home confinement. Over the past five months, he has twice been permitted to leave his residence for social events, specifically, a Broadway show and a cousin's wedding. He enjoyed both events without incident.

Mr. Beck will turn 60 on Tuesday, May 15, 2018. His wife, Phyllis, a registered nurse at NYU Hospital, and a co-signer on the bond, would like to take him out to dinner at a restaurant on Staten Island (where they live) to celebrate the milestone. She wants to invite family members as well, including all of the remaining co-signers on the bond. In order to attend, Mr. Beck will need to leave the residence at 5:30 and he will return no later than 10:30 p.m.

In an email yesterday, Mr. Beck's Pretrial Services Officer, USPSO Jeannine Quijije, opposed this request, but she did not provide an explanation. The government did not take a position but it has in the past deferred to Pretrial Services.

Especially in light of the fact that Mr. Beck has been compliant with all terms of his release to date and because this is a "big" day worth celebrating, I request that the condition of home confinement be released for 5 hours on May 15, 2018, so that he can attend a birthday dinner out at a local restaurant.

Respectfully submitted,

/s/
James M. Branden

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 15 2018 ★
BROOKLYN OFFICE

Case 1:17-cr-00664-RJD   Document 138   Filed 06/15/18   Page 1 of 1 PageID #: 1103

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 15 2018 ★

BROOKLYN OFFICE

June 13, 2018

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*approved
So ordered
JBWeinstein
6/14/18*

Re: United States v. Michael Beck
Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

I represent Mr. Beck in the above-referenced matter. As part of the conditions of pretrial release Mr. Beck, who has pleaded guilty and is awaiting sentencing, has been confined to his residence with electronic monitoring.

On June 17, 2018, Mr. Beck's cousin, John Linane, is hosting a Father's Day Party, at the VFW Post, 18 Davern Place, Hazlet, New Jersey. The Party starts and 3 and ends at 9 p.m. Mr. Beck would like to attend the Party, which requires a temporary modification of his bail conditions so that he may leave his residence at 1:30 and return at 10:30 p.m. Mr. Beck's entire family will be present, including his parents, both in their 80s, and all of the co-signers on the release bond.

Mr. Beck was arrested in this matter in December 2017 and released in early January 2018. Since then, this Court has twice permitted him to attend social events (a wedding and a Broadway show). He attended those events without incident and he has been otherwise fully compliant with release conditions to date.

The government consents to this application. Though I emailed Pretrial Services about this application earlier today, I have not yet received a response to the email.

It is therefore requested that Mr. Beck be permitted to attend the Father's Day Party and leave his residence this Sunday from 1:30 to 10:30 p.m.

Respectfully submitted,

James M. Branden

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 1 3 2018 ★

BROOKLYN OFFICE

September 5, 2018

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   United States v. Michael Beck
             Cr. Docket No. 17-664 (JBW)

*approved*
/s/ JBW
9/12/18

Dear Judge Weinstein:

    I represent Mr. Beck in the above-referenced matter. As part of the conditions of pretrial release, Mr. Beck, who has pleaded guilty and is awaiting sentencing, is confined to his residence and subject to electronic monitoring with certain exceptions, including permission to work Monday through Saturday and to attend church.

    On Sunday, September 9, 2018, Mr. Beck has a work event. He is providing refreshments to a charity event at the Amazon Distribution Center in Obbinsville, New Jersey. He will drive a beverage truck to and from the event, which takes place from 2 to 7:00 p.m. As such, he will need to leave from church services and drive to the event and return to his residence by 10:30 p.m.

    In addition, on September 27, 2018, Mr. Beck has a doctor visit on Staten Island at 4:00 p.m. He may not return to his residence until 6:30 that evening.

    I have conferred with the government and pretrial services about both events. They have no objection to this Sunday's work event. As to the doctor visit, pretrial services only requests that Mr. Beck provide the particulars so that the visit can be confirmed. Mr. Beck will do so promptly.

    For the foregoing reasons, Mr. Beck requests permission to attend the work event and see his doctor as set forth herein.

Respectfully submitted,

*/s/ James M. Branden*
James M. Branden

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 02 2019 ★

BROOKLYN OFFICE

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

June 24, 2019

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: United States v. Michael Beck
        Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

    I represent Mr. Beck in the above-referenced matter. Mr. Beck was arrested in December 2017 and released in early January 2018. He surrendered his passport upon arrest. When first released he was subject to home detention and travel within New York City only. Last fall, the home confinement condition was removed and he was granted permission to travel freely in NY, NJ and PA.

    Mr. Beck would like to travel with his wife, three kids, their spouses, and two grandchildren to the Bahamas from July 13 through 18, 2019. In order to do so, he will need Pretrial Services to give him his passport, which he will return promptly upon his return to the New York area.

    Mr. Beck has abided by all condition of release to date. I make this request with the consent of USPSO Celine Ferguson and AUSA James McDonald. The suretors, all family, also consent.

    As such, on consent, it is requested that Mr. Beck be permitted to travel to Nassau, Bahamas with family from July 13-18, 2019 and that his passport be returned to him for that purpose. In the event this request is granted, Mr. Beck will forward his flight and lodging information immediately to USPSO Ferguson.

                                   Respectfully submitted,

                                   James M. Branden

*[Handwritten annotation: Permission granted for Beck to travel, shall report to Probation within 4 days of his return to United States and surrender his passport to Pretrial as directed by probation. So ordered. J.W. 6/28/19]*

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 17 2019 ★
BROOKLYN OFFICE

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

April 9, 2019

*Permission granted & so ordered. /s/ JBW 4/11/19*

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  United States v. Michael Beck
           Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

    I represent Mr. Beck in the above-referenced matter. Mr. Beck was arrested in December 2017 and released in early January 2018. When first released he was subject to home detention and travel within New York City only. Last fall, the home confinement condition was removed and he was granted permission to travel freely in NY, NJ and PA.

    Mr. Beck has parents in their 80s. They live in Staten Island but own a time share in Ft. Lauderdale, Florida. They visit Ft. Lauderdale a week or two a year, mostly to check up on the place. They have asked that Mr. Beck and his wife escort them on a trip later this month, from April 28 to May 4. USPSO Celine Ferguson approves of the travel request. AUSA Moira Penza deferred to USPSO Ferguson. The suretors, all family, also-consent.

    As such, on consent, it is requested that Mr. Beck be permitted to travel to Florida, with his wife and parents from April 28 to May 4.

                              Respectfully submitted,

                              James M. Branden

## Additional Orders as to USA v. Luthmann and Michael Beck

| | |
|---|---|
| 04/15/2021 | ELECTRONIC ORDER as to Michael Beck re 275 Consent Letter from defense counsel requesting bond modification to permit defendant to travel to Florida April 22, 2021 to April 27, 2021. Application Granted. Conditions of release are temporarily modified, defendant is permitted to travel to Florida as requested. Defendant is directed to submit to his Pre Trial Officer a written detailed itinerary, not later than 3:00pm on April 19, 2021. So Ordered by Judge Raymond J. Dearie on 4/15/2021. (Mulqueen, Ellen) (Entered: 04/15/2021) |
| 05/06/2021 | ELECTRONIC ORDER as to Michael Beck re 286 Letter from defense counsel requesting permanent modification of bond to include travel to Florida. The Court confirmed with government counsel and Pre Trial Services that they have no objection to modifying the conditions of release to include travel to Florida. Accordingly, the bond is hereby modified to include travel to Florida. So Ordered by Judge Raymond J. Dearie on 5/6/2021. (Mulqueen, Ellen) (Entered: 05/06/2021) |