# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

U.S. Courthouse & Federal Building
Office of the Clerk
2110 First Street, Room 2-194
Fort Myers, FL 33901
(239) 461-2000
www.flmd.uscourts.gov

**Elizabeth M. Warren**                                                    **Leslie M. Friedmann**
Clerk of Court                                                          Fort Myers Division Manager

**DATE:** April 13, 2023

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:22-cr-21-SPC-NPM

RICHARD LUTHMANN

_____

**U.S.C.A. Case No.:**


- Honorable Sheri Polster Chappell, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.


ELIZABETH M. WARREN, CLERK

By:     s/SH, Deputy Clerk

FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**   2023 APR 12   PM 12: 17

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

-------------------------------------------------------

UNITED STATES OF AMERICA,                                   2:22-cr-0021-SPC-NPM   FLORIDA

     -against-

RICHARD LUTHMANN,

          Defendant.

-------------------------------------------------------

### NOTICE OF APPEAL

**PLEASE TAKE NOTICE** that RICHARD LUTHMANN, the defendant in the above-captioned matter, appeals to the United States Court of Appeals for the Eleventh Circuit from the Opinion and Order of the United States District Court for the Middle District of Florida entered on March 15, 2023 (see the attached **EXHIBIT "A"**), from the entirety of the opinion and order and from every part of it based on the law and the facts and on important reasons including the Judgment of the United States District Court for the Eastern District of New York (see the attached **EXHIBIT "B"**), the law of the case (see the attached **EXHIBIT "C"**), and other legal reasons.

    If jurisdiction has been divested of the United States District Court for the Middle District of Florida in favor of the United States Court of Appeals for the Eastern District of New York, please treat this filing as a reservation of rights to ask the United States Court for the Eastern District of New York to reconsider the motion underlying the Court's Opinion and Order entered March 15, 2023, re-petition the Court for relief, or make my appeal to the United States Court of Appeals for the Second Circuit, as the case may be, as thirty (30) days from the opinion and order is a legally significant time, and I would like to act to preserve all of my rights.

1

Dated: Naples, Florida
April 12, 2023,

Yours, etc.,

Richard Luthmann
Defendant *Pro Se*
338 Sugar Pine Lane
Naples, FL 34108
(239) 631-5957

TO:   Clerk of Court
U.S. Courthouse and Federal Building
2110 First Street
Fort Myers, Florida 33901

U.S. Attorney's Office
2110 First Street
Suite 3-137
Ft. Myers, FL 33901

U.S. Probation Office for the Middle District of Florida
US Courthouse and Federal Building
2110 First Street
Suite 4-182
Ft. Myers, FL 33901-301

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

---------------------------------------------------------

UNITED STATES OF AMERICA,                    2:22-cr-0021-SPC-NPM

      -against-

RICHARD LUTHMANN,

                Defendant.

---------------------------------------------------------

## CERTIFICATION OF SERVICE

      RICHARD LUTHMANN, of full age and sound mind, declares as follows under the penalties of perjury contained in the US Code:

      1.     I am the Defendant in the above-captioned matter.

      2.     I served the following parties with a copy of the enclosed Notice of Appeal with exhibits by hand delivering the papers to the person at the address designated by them for that purpose as indicated below:

Clerk of Court
U.S. Courthouse and Federal Building
2110 First Street
Fort Myers, Florida 33901

U.S. Attorney's Office
2110 First Street
Suite 3-137
Ft. Myers, FL 33901

U.S. Probation Office for the Middle District of Florida
US Courthouse and Federal Building
2110 First Street
Suite 4-182
Ft. Myers, FL 33901-3011

1

Dated: Naples, Florida
   April 12, 2023

Respectfully submitted,

Richard Luthmann*

*Signed under penalties of perjury contained in Title 18 of the United States Code.

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 2:22-cr-21-SPC-NPM

RICHARD LUTHMANN

_____

## OPINION AND ORDER[1]

Before the Court are four motions filed pro se by Defendant Richard Luthmann:

1.  Motion to Terminate Supervised Release (Doc. 5)

2.  Motion to Request for Ruling on Prospective Travel to Chicago, IL and to the Southern District of Florida (Doc. 10)

3.  Declaration in Support of Emergency Application (Doc. 12), which is construed as a motion

4.  Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14)

The United States Probation Office and the Government oppose the first two motions. (Doc. 13).

In 2019, Defendant was sentenced to 48 months' imprisonment and 3 years' supervised release by a federal judge in the Eastern District of New York

---

[1] Disclaimer:  Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

("EDNY") for wire fraud and extortion offenses.[2]  He was also ordered to pay $559,911.26 in restitution.  Since sentencing, Defendant has completed his prison term but is on supervised release.  He started supervised release in August 2021 in the EDNY, but jurisdiction was transferred here about seven months later. (Doc. 4).

Defendant has served about half of his supervised release term, yet he asks the Court to end, change, or reduce the term. (Doc. 5).  Relatedly, he asks to travel to Chicago for about one week "to practice journalism, take meetings, and take in the culture."[3]  (Doc. 10 at 1).  He also asks for open travel to the Southern District of Florida to work "face-to-face and hands-on with" Frank Parlato, an investigative journalist.  (Doc. 10 at 3).  Defendant says all requested travel will let him earn money and help his transition to society.

After considering factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the

---

[2] One condition of supervised release is that Defendant cannot leave the judicial district where he lives without his probation officer's or the court's permission.

[3] The so-called emergency of Defendant's Motions is only that he has arrangement to fly to Chicago on March 17, 2023, as well as the scheduled meetings and other leisurely plans.

defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid needless sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After reviewing Defendant's motions and other papers against the above law and record in the criminal case, it denies all requested relief. To start, the EDNY judge presided over the criminal case and considered all the evidence, arguments, and filings (e.g., presentence investigative report, sentencing memoranda, evaluations, etc.) to impose a sentence sufficient, but not greater than necessary to meet the goals of sentencing.[4] That sentence included the three-year term of supervised release. And Defendant has not persuaded this Court to exercise its discretion to terminate, change, or reduce Defendant's supervised release as originally imposed.

The Court is concerned that Defendant's restitution remains unpaid. He admits that he has little (to no) money and relies on others to support him. So

---

[4] The EDNY judge issued a below Guidelines sentence.

3

the Court is not inclined to let Defendant travel to Chicago for reasons like attending two matinee performances of off-Broadway shows, touring museums, and sightseeing, all the while staying at an unknown person's apartment who is "out of town." (Doc. 10 at 3-4). Nor is the Court inclined to let Defendant travel to Chicago for business or throughout the Southern District of Florida (which spans Fort Pierce to Key West) to intern for Mr. Parlato. Although the Court appreciates Defendant's efforts to pursue a new career under Mr. Parlato's wing, he can do so after his supervised release term ends in eighteen months. Meanwhile, the Court is confident Defendant can work with his probation officer to secure employment within this District to help earn money for restitution.

At bottom: the interest of justice is best served in maintaining the status quo. Anything less than the three-year term of supervised release with the travel restriction as originally imposed would not promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. And the nature of Defendant's offense, his history, the need to deter him from future crimes, and the need to protect the public further support denying all the Motions.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Terminate Supervised Release (Doc. 5) is **DENIED**.

2. Defendant's Motion to Request for Ruling on Prospective Travel to Chicago, IL and to the Southern District of Florida (Doc. 10) is **DENIED**.

3. The Declaration in Support of Emergency Application (Doc. 12) is **DENIED**.

4. Defendant's Second Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14) is **DENIED as moot**.

**DONE AND ORDERED** in Fort Myers, Florida on March 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Richard Luthmann
         Counsel of Record

5

# EXHIBIT "B"

Case 1:17-cr-00664-JBW-RER   Document 219   Filed 10/23/19   Page 1 of 7 PageID #: 1558

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 23 2019 ★

BROOKLYN OFFICE

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| RICHARD LUTHMANN | ) | Case Number:  CR17-664  (JBW) |
| | ) | USM Number:  90564-053 |
| | ) | Arthur Aidala 8118 13th Ave. B'klyn, N.Y. 11228 |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)   1 and 9 of the indictment      AUSA- James McDonald

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18USC 1343, 18 USC 1349 | Wire Fraud Conspiracy | | 1 |
| 18 USC 894(a) | Extortionate collection of credit conspiracy | | 9 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   remaining   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/9/2019
Date of Imposition of Judgment

Signature of Judge

Jack B. Weinstein Sr. USDJ
Name and Title of Judge

10/21/2019
Date

Exhibit F

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:  RICHARD LUTHMANN
CASE NUMBER:   CR17-664  (JBW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

### 48 months

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated at a facility in or as close to New York City as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:  RICHARD LUTHMANN

CASE NUMBER:  CR17-664 (JBW)

| Judgment—Page | 4 | of | 7 |
|---|---|---|---|

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13.  You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
           Sheet 3 — Supervised Release

| | | |
|---|---|---|
| | Judgment—Page __3__ of __7__ | |

DEFENDANT:   RICHARD LUTHMANN
CASE NUMBER:   CR17-664 (JBW)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

### 3 years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you
       pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
       restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
       directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
       reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3B — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT:  RICHARD LUTHMANN
CASE NUMBER:  CR17-664 (JBW)

## ADDITIONAL SUPERVISED RELEASE TERMS

➢ The defendant shall comply with the forfeiture order and restitution order.

➢ The defendant shall participate in a mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay.

➢ Upon request, the defendant shall provide the U.S. Probation Department with full disclosure of his financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. The defendant shall cooperate with the Probation Officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his financial information and records.

➢ The defendant shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Office with full disclosure of his self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

➢ The defendant is to comply with disciplinary actions taken by any state bar associations, and assist the Probation Department with monitoring such compliance.

    The defendant is permitted to assist attorneys with legal work but not as an attorney.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 6 | of | 7 |

DEFENDANT: RICHARD LUTHMANN
CASE NUMBER: CR17-664 (JBW)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 559,911.26 | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| GDB International Inc. | | $209,734.96 | |
| Civil Metals Inc. | | $57,457.74 | |
| JC Horizon Ltd. | | $64,625.87 | |
| JLJ International Holdings LLC | | $22,370.39 | |
| UVA Recycling Inc. | | $10,000.00 | |
| AMG Resources Corp. | | $195,722.30 | |

| TOTALS | $ 0.00 | $ 559,911.26 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page   7   of   7

DEFENDANT:  RICHARD LUTHMANN
CASE NUMBER:  CR17-664  (JBW)

## ADDITIONAL FORFEITED PROPERTY

SEE ORDER OF FORFEITURE ATTACHED TO THIS JUDGMENT.

# EXHIBIT "C"

## MEMORANDUM

**By E-mail and Hand**

TO:   US Probation Office, MDFL

FROM:       Richard Luthmann
            338 Sugar Pine Lane
            Naples, FL 34108
            Tel: (239) 631-5957
            E: Richard.luthmann@gmail.com
            E: LuthmannRichard@gmail.com

DATE: April 3, 2023

Prepared for April 3, 2023, 11:00 a.m. meeting with US Probation Officer Katrina Harmaty, USPO MDFL, Katrina_Harmaty@flmp.uscourts.gov,

Through this memorandum, I am attempting to give an update and raise concerns about my particular challenges to further aid the US Probation Office in accomplishing the valid penological goals and congressional commands embodied in 18 U.S.C. § 3553(a) and elsewhere.

**Part-Time Remote Writing Job Offers**

I have two part-time remote job offers right now.

James Hufnagel, Managing Editor, Niagara Falls Reporter, 716-930-1043
- Part-time job offer as a writer for the newspaper
- Want to explore the transfer of supervision to WDNY, depending on whether I am capable of working there.

J. Gary DiLaura, FBI Special Agent (ret.), 716-628-9003
- Part-time job offer as a writer/editor/website manager for his column/newsletter

USPO Amadori previously sent me a few links to try with job leads through disability. A few of the links were broken, and the rest were not suitable because of transportation and/or disability limitations.

**Journalism Union**

I joined the National Writers Union as a writer and a journalist. I am trying to develop my skills so I can make more than $15 an hour. Much of my work to date has been as an unpaid income, just to get my name out there, establish a publication history, and get "free" training and education in the writing and journalism trade.

**New Medical Provider**

Dr. Yamilet Oliver – Psychiatric Intake Session 4/11/2023

Dr. Oliver wants to start from the beginning with me because I have not been able to see a mental health professional since last December. Jason (forgot the last name), my nurse practitioner, left David Lawrence Center. There was trouble finding a new provider for several reasons, one of which was my Primary Physician dropping Florida Blue coverage. I finally found a new Primary Care Physician, who referred me to Florida Personal Management, and Dr. Oliver, who wants to "begin again" from the baseline and reassess my medication and treatment plan.

I have been taking my proscribed medication, but I have had big issues with anxiety and mood swings since January. I have had no nurse practitioner to speak to, and until recently, I did not have a General Physician because of a change in coverage. I only have come to learn that David Lawrence Center and the Nurse Practitioners took me off of mood stabilizers, and I haven't been proscribed them for many months. This is not mental health best practices. I have been suffering because of it.

The US Government gave me a bipolar disorder diagnosis. See the Statement of Reasons in US v. Luthmann, 17-CR-664:

> Defendant has been an abuser of alcohol and cocaine. PSR ¶ 99; Def. Sent. Mem. 4-5. He reports drinking 1.75 liters of scotch each day throughout 2017 and spending "a couple of hundred [dollars]" on cocaine each week. PSR ¶ 99. The drug and alcohol use appears to have compounded Luthmann's existing mental health issues. He was diagnosed with anxiety and depression in 2012, and prescribed drugs which interact poorly with alcohol and drugs. PSR ¶ 96; Def. Sent. Mem. 4.
>
> His mental health problems persisted after his arrest for the instant offenses. While released on bail in April 2018, Defendant admitted himself to a hospital because he believed he has having a nervous breakdown resulting from his marital problems. PSR ¶ 97. He was diagnosed with Bipolar I Disorder and hospitalized for 11 days. Id. Following his return to detention, this court ordered Luthmann to undergo a forensic mental health evaluation for a determination of his competency to stand trial. PSR1198. The evaluator concluded that a more appropriate diagnosis for Defendant is Bipolar II Disorder. Id. He spent several months at a mental health treatment facility for purposes of this evaluation.

I have just come to learn that mood stabilizers and a bipolar diagnosis are not a good thing. Hopefully, this will all be rectified next week when I see Dr. Oliver.

2

Earlier in my supervision, I spoke regularly with Casey Portner about my issues, and he was a big help. I believe that if I was still able to speak with someone, this medical issue could have been caught months ago. USPO Officer Amber Jean discontinued my sessions with Casey Portner, after USPO Monica Holsteen left. It was Officer Holsteen who previously identified that I benefitted from the help that my sessions with Casey Portner afforded.

## Disability Case

Lawrence Almagno, Jr., Attorney, 401-946-4529

The hearing is now scheduled for May. However, it will likely be adjourned because Attorney Almagno is getting an updated report from a vocational expert to show my working limitations. The District Court's recent opinion confirms important and substantial legal limitations on my employment in addition to the existing medical, psychological, and emotional limitations. The vocational expert's report will cover all of this.

I have to help with this case. If I can get a disability award, I am entitled to $733 a month plus back-payment since my April 2021 application ($17,592 to date), less attorneys and expert fees and costs.

## Sick Grandmother  -Primary Caretaker

My grandmother is currently in and out of the hospital and is ill. She is 90 years old. She has masses in her colon that may be malignant. I am one of her primary caretakers, along with my mother and my stepfather.

## Knights of Columbus, Altar Service, and Catholic Faith

I joined the Knights of Columbus, and I have trained as an altar server at Saint Williams Roman Catholic Church in Naples, FL. See the attached. I regularly attend mass and church events.

## Sobriety

I have endeavored to live a sober lifestyle, and I attend AA meetings.

## Pending Motions on NYS Case

I have a videographic conference scheduled for tomorrow, April 4, 2023, in my New York case, People v. Luthmann. There is a pending motion to set aside the indictment based upon unprecedented prosecutorial misconduct and perjury by the Special Prosecutor, a sitting NYS Supreme Court Justice, and others. See the attached.

3

There may be several appearances in the case, including in-court hearings. I am seeking to represent myself, and I will need to be present in the New York State court to conduct the hearing, confront and question witnesses, offer evidence, etc.

If the indictment is dismissed, the case is over. If the conviction is overturned, I go back to pre-trial status, and I have to defend the case.

Because I am trying to clear my name and represent myself, this case is taking substantial time and energy every week, and I already have limitations.

There is also a pending NYS Appeal that I may have to perfect, and I am proceeding *Pro Se* in that case, which will also take substantial time and effort.

**Collections Cases**

I owe the US Government over $600,000 in restitution and close to $1 million, all debts considered. I have over half a million dollars in uncollected legal billables that can be used to satisfy these debts. I file the first two of these cases – Luthmann et al v. Hanks and Luthmann et al. v. Castorina. The US Government gets the proceeds of these cases. See the attached.

Attorney Lawrence Almagno, Jr. – 401-946-4529 - is representing me on these cases.

The problem is, that substantial work needs to be done on these cases to get them ready to be put into suit. They all grow stale THIS YEAR, and I lose the right to sue because of the statute of limitations.

Attorney Almagno wanted me to work for him to get these cases together so I could put them into suit. USPO Amadori said that there were US Probation policies that said I couldn't work for him, even though Judge Weinstein's Judgement of Conviction specifically said I could work as an attorney but not for attorneys.

Judge Polster-Chappell's recent Decision didn't address these issues at all. I had hoped I would have been given an oral argument to explain all these nuances.
The best chance that the victims of my case and the US Federal Government and its taxpayers have in getting made whole is through these earned and uncollected billables. I need to work on them, or I lose the right to collect. This is a far better use of my time in paying the US Government and my victims back than working any $ 15-an-hour wage job, which will ultimately ensure that the US Government, its taxpayers, and my victims will never get paid back.

I would ask for permission to work for Mr. Almagno, solely on my own cases, so I can make the US Government, its taxpayers, and the victims in my case whole, consonant with 18 U.S.C. § 3553(a). If there are specific US Probation Policies and Procedures that are problematic, please give me written copies of them. I want to make this work, but Government action precluding me from collecting monies that would satisfy my debts when Judge Weinstein said that I could do this

4

work constitutes a taking under the Fifth and Fourteen Amendments. Talk to the US Attorney on this. They will tell you that I have an argument here.

Please allow me to help collect the debts that I am owed so that I can pay back restitution. At $15 an hour, it will take me 40,000 hours to pay back just the restitution, with no living expenses factored in. That would be approximately 770 weeks or almost 15 years. Assuming I had a 40 hour week at $15 an hour and was paid $600 weekly, the statutory formula excludes the first $225 from collection. Of the remaining $375, twenty (20) percent is subject to Government attachment according to the gross income level. That number becomes approximately $75.

With a $ 75-a-week amount going to the Government, it will take me approximately 8,000 weeks or 154 years to pay back the Government, looking only to wage-paying jobs, and not developing any education or craft to develop my skills to command a higher wage.

**Law of the Case and Sentencing Disparity**

The docket from the US v. Luthmann EDNY case is fully included in the MDFL docket and is part of the case. The law of the case doctrine fully applies.

In addition to the Judgement of Conviction, where I am specifically allowed to work for attorneys, the following is squarely relevant:

| 05/21/2018 | 116 | Minute Entry for proceedings held before Magistrate Judge Ramon E. Reyes, Jr: Pleading as to Michael Beck held on 5/21/2018. Michael Beck (3) withdraws not guilty plea and enters a GUILTY PLEA to Counts 7, 8, 9, 10 and 11. Order of bond conditions continued for deft. Deft's counsel is directed to submit the requested bond modification by 5/22/2018. (Sentencing set for 9/13/2018 at 10:30 AM in Courtroom 10B South before Judge Jack B. Weinstein.) (FTR Log # 5:09:14-5:39:54.) (Barrett, C) (Entered: 05/23/2018) |

My co-defendant Michael Beck pleaded guilty to kidnapping charges enhanced by the use of a firearm in the commission of the crime. Beck was allowed the travel allowances in the orders contained herein, many AFTER his admission to his commission of a crime of violence using a firearm. He also received only two (2) years of supervision from the Court.

| 07/09/2021 | 295 | JUDGMENT as to George Padula, III (2), Count(s) 1, 10, 11, 2, 3, 3s, 4, 4s, 5s, 6s, 7, 8, 8s, 9, Dismissed on Motion of the United States; Count(s) 1s, 2s, 7s, Imprisonment: Count 1: 42 months; Count 7: 42 months to run concurrently to the term imposed in Count 1; Count 2: 24 months, to run consecutively to the terms imposed in Counts 1 and 7; Supervised Release with Special Conditions: 2 years; Special Assessment: $300; Restitution: $559,911.26; Forfeiture Order. The Court recommends |

| | | designation to the MDC and placement in the CADRE Program. So Ordered by Judge Raymond J. Dearie on 6/28/2021. (Attachments: # 1 Forfeiture Order) (Lee, Tiffeny) (Entered: 07/09/2021) |
|---|---|---|

My other co-defendant, George Padula, III, also only received two (2) years of supervision from the Court, having been convicted of a crime of violence enhanced by the use of a firearm.

I never used a firearm and did not commit a crime of violence.

Judge Polster-Chappell clearly erred in her recent ruling in this and other important areas, because the Court does not mention or consider the law of the case doctrine, the application of the law of the jurisdiction of judgment (EDNY, Second Circuit), or sentencing disparity, and as such, I am considering a motion for reconsideration and, if warranted, an appeal to the Eleventh Circuit. See the attached.

## Conclusion

I look forward to continuing to work with US Probation to further the purposes of my supervision, including but not limited to the penological goals and congressional commands embodied in 18 U.S.C. § 3553(a).

The foregoing is all true to the best of my knowledge and belief.

Dated: Naples, Florida
      April 3, 2023

                                        /S/ Richard Luthmann
                                           Richard Luthmann

CC:    File
        Lawrence P. Almagno, Jr., Esq.
        Mario Romano, Esq.
        Stephanie Jones, Esq.
        USPO Supervisor Officer Scott Fanelli (scott_fanelli@flmp.uscourts.gov)






The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212 286-0173
Fax 212 286-0495

May 8, 2018

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Michael Beck
Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

I represent Mr. Beck in the above-referenced matter. In early January 2018, Mr. Beck was released pending trial on a fully secured bond and the condition of, inter alia, home confinement. Over the past five months, he has twice been permitted to leave his residence for social events, specifically, a Broadway show and a cousin's wedding. He enjoyed both events without incident.

Mr. Beck will turn 60 on Tuesday, May 15, 2018. His wife, Phyllis, a registered nurse at NYU Hospital, and a co-signer on the bond, would like to take him out to dinner at a restaurant on Staten Island (where they live) to celebrate the milestone. She wants to invite family members as well, including all of the remaining co-signers on the bond. In order to attend, Mr. Beck will need to leave the residence at 5:30 and he will return no later than 10:30 p.m.

In an email yesterday, Mr. Beck's Pretrial Services Officer, USPSO Jeannine Quijije, opposed this request, but she did not provide an explanation. The government did not take a position but it has in the past deferred to Pretrial Services.

Especially in light of the fact that Mr. Beck has been compliant with all terms of his release to date and because this is a "big" day worth celebrating, I request that the condition of home confinement be released for 5 hours on May 15, 2018, so that he can attend a birthday dinner out at a local restaurant.

Respectfully submitted,

/s/
James M. Branden

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 15 2018 ☆

BROOKLYN OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 1 5 2018   ✳

BROOKLYN OFFICE

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

June 13, 2018

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   United States v. Michael Beck
      Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

I represent Mr. Beck in the above-referenced matter. As part of the conditions of pretrial release Mr. Beck, who has pleaded guilty and is awaiting sentencing, has been confined to his residence with electronic monitoring.

On June 17, 2018, Mr. Beck's cousin, John Linane, is hosting a Father's Day Party, at the VFW Post, 18 Davern Place, Hazlet, New Jersey. The Party starts at 3 and ends at 9 p.m. Mr. Beck would like to attend the Party, which requires a temporary modification of his bail conditions so that he may leave his residence at 1:30 and return at 10:30 p.m. Mr. Beck's entire family will be present, including his parents, both in their 80s, and all of the co-signers on the release bond.

Mr. Beck was arrested in this matter in December 2017 and released in early January 2018. Since then, this Court has twice permitted him to attend social events (a wedding and a Broadway show). He attended those events without incident and he has been otherwise fully compliant with release conditions to date.

The government consents to this application. Though I emailed Pretrial Services about this application earlier today, I have not yet received a response to the email.

It is therefore requested that Mr. Beck be permitted to attend the Father's Day Party and leave his residence this Sunday from 1:30 to 10:30 p.m.

Respectfully submitted,

James M. Branden

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 1 3 2018  ☆

BROOKLYN OFFICE

September 5, 2018

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                    Re:   United States v. Michael Beck
                          Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

      I represent Mr. Beck in the above-referenced matter.  As part of
the conditions of pretrial release, Mr. Beck, who has pleaded guilty
and is awaiting sentencing, is confined to his residence and subject
to electronic monitoring with certain exceptions, including permission
to work Monday through Saturday and to attend church.

      On Sunday, September 9, 2018, Mr. Beck has a work event.  He is
providing refreshments to a charity event at the Amazon Distribution
Center in Obbinsville, New Jersey.  He will drive a beverage truck to
and from the event, which takes place from 2 to 7:00 p.m.  As such, he
will need to leave from church services and drive to the event and
return to his residence by 10:30 p.m.

      In addition, on September 27, 2018, Mr. Beck has a doctor visit
on Staten Island at 4:00 p.m.  He may not return to his residence until
6:30 that evening.

      I have conferred with the government and pretrial services about
both events.  They have no objection to this Sunday's work event.  As
to the doctor visit, pretrial services only requests that Mr. Beck
provide the particulars so that the visit can be confirmed.  Mr. Beck
will do so promptly.

      For the foregoing reasons, Mr. Beck requests permission to attend
the work event and see his doctor as set forth herein.

                              Respectfully submitted,

                              James M. Branden

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 0 2 2019  ★

BROOKLYN OFFICE

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

June 24, 2019

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  United States v. Michael Beck
     Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

I represent Mr. Beck in the above-referenced matter. Mr. Beck
was arrested in December 2017 and released in early January 2018.
He surrendered his passport upon arrest. When first released he
was subject to home detention and travel within New York City only.
Last fall, the home confinement condition was removed and he was
granted permission to travel freely in NY, NJ and PA.

Mr. Beck would like to travel with his wife, three kids, their
spouses, and two grandchildren to the Bahamas from July 13 through
18, 2019. In order to do so, he will need Pretrial Services to
give him his passport, which he will return promptly upon his
return to the New York area.

Mr. Beck has abided by all condition of release to date. I
make this request with the consent of USPSO Celine Ferguson and
AUSA James McDonald. The suretors, all family, also consent.

As such, on consent, it is requested that Mr. Beck be
permitted to travel to Nassau, Bahamas with family from July 13-18,
2019 and that his passport be returned to him for that purpose. In
the event this request is granted, Mr. Beck will forward his flight
and lodging information immediately to USPSO Ferguson.

Respectfully submitted,

James M. Branden

*[handwritten annotation]* Permission for Beck granted to travel report to probation within 4 days of his return to United States and surrender his passport to probation as directed by probation. So ordered. J.B.W. 6/28/19

FILED
IN CLERK'S OF
U.S.T.      +Y.

APR 17 2019   ★

BROOKLYN OFFICE.

The Law Office of
James M. Branden
551 Fifth Avenue
New York, New York 10176
Tel. 212-286-0173
Fax 212-286-0495

April 9, 2019

Permission
granted &
ordered
_____
4/11/19

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                    Re:   United States v. Michael Beck
                          Cr. Docket No. 17-664 (JBW)

Dear Judge Weinstein:

        I represent Mr. Beck in the above-referenced matter. Mr. Beck
was arrested in December 2017 and released in early January 2018.
When first released he was subject to home detention and travel
within New York City only.  Last fall, the home confinement
condition was removed and he was granted permission to travel
freely in NY, NJ and PA.

        Mr. Beck has parents in their 80s. They live in Staten Island
but own a time share in Ft. Lauderdale, Florida.  They visit Ft.
Lauderdale a week or two a year, mostly to check up on the place.
They have asked that Mr. Beck and his wife escort them on a trip
later this month, from April 28 to May 4.  USPSO Celine Ferguson
approves of the travel request. AUSA Moira Penza deferred to USPSO
Ferguson.  The suretors, all family, also-consent.

        As such, on consent, it is requested that Mr. Beck be
permitted to travel to Florida, with his wife and parents from
April 28 to May 4.

                          Respectfully submitted,


                          James M. Branden

## Additional Orders as to USA v. Luthmann and Michael Beck

| 04/15/2021 | ELECTRONIC ORDER as to Michael Beck re 275 Consent Letter from defense counsel requesting bond modification to permit defendant to travel to Florida April 22, 2021 to April 27, 2021. Application Granted. Conditions of release are temporarily modified, defendant is permitted to travel to Florida as requested. Defendant is directed to submit to his Pre Trial Officer a written detailed itinerary, not later than 3:00pm on April 19, 2021. So Ordered by Judge Raymond J. Dearie on 4/15/2021. (Mulqueen, Ellen) (Entered: 04/15/2021) |
|---|---|

| 05/06/2021 | ELECTRONIC ORDER as to Michael Beck re 286 Letter from defense counsel requesting permanent modification of bond to include travel to Florida. The Court confirmed with government counsel and Pre Trial Services that they have no objection to modifying the conditions of release to include travel to Florida. Accordingly, the bond is hereby modified to include travel to Florida. So Ordered by Judge Raymond J. Dearie on 5/6/2021. (Mulqueen, Ellen) (Entered: 05/06/2021) |
|---|---|

APPEAL, CLOSED, PROB/SR TRAN

# U.S. District Court
## Middle District of Florida (Ft. Myers)
## CRIMINAL DOCKET FOR CASE #: 2:22-cr-00021-SPC-NPM All Defendants

Case title: USA v. Luthmann

Date Filed: 03/04/2022

Other court case number: 0207 17-CR-664-001 Eastern District of New Yourk

Date Terminated: 03/04/2022

---

Assigned to: Judge Sheri Polster Chappell
Referred to: Magistrate Judge Nicholas P. Mizell

**Defendant (1)**

**Richard Luthmann**
*TERMINATED: 03/04/2022*

represented by **Richard Luthmann**
338 Sugar Pine Lane
Naples, FL 34108
PRO SE

**Pending Counts**

18:1349.F WIRE FRAUD
(1)

18:894.F COLLECTION OF CREDIT BY EXTORTION
(9)

**Disposition**

Imprisonment: 48 months; Supervised Release: 36 months; Special Assessment: $200.00, Restitution: $559,911.26

Imprisonment: 48 months; Supervised Release: 36 months; Special Assessment: $200.00, Restitution: $559,911.26

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Simon R. Eth** |
| | | US Attorney's Office - FLM |
| | | Room 3-137 |
| | | 2110 First Street |
| | | Ft Myers, FL 33901 |
| | | 239/461-2235 |
| | | Fax: 239/461-2219 |
| | | Email: Simon.Eth@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2022 | 1 | TRANSFER OF JURISDICTION documents for Supervised Release received as to Richard Luthmann from Eastern District of New York. (Attachments: # 1 Docket Sheet, # 2 Sealed Indictment, # 3 Judgment)(SMG). (Entered: 03/04/2022) |
| 02/09/2023 | 5 | MOTION for Early Termination of Supervised Release by Richard Luthmann. (Attachments: # 1 Declaration of Richard Luthman, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R)(SEH) (Entered: 02/10/2023) |
| 02/09/2023 | 6 | MEMORANDUM in support re 5 Motion for Early Termination by Richard Luthmann. (SEH) (Entered: 02/10/2023) |
| 02/13/2023 | 7 | **ENDORSED ORDER directing USA to respond to Defendant Richard Luthmann's Pro Se MOTION to Terminate Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1), and for Additional and Alternative Relief (Doc. 5). Responses due by 2/27/2023. Signed by Judge Sheri Polster Chappell on 2/13/2023. (AEH)** (Entered: 02/13/2023) |
| 02/27/2023 | 8 | MOTION to Extend Time to Respond to Defendant's Motion to Terminate Supervised Release by USA as to Richard Luthmann. (Eth, Simon) Motions referred to Magistrate Judge Nicholas P. Mizell. (Entered: 02/27/2023) |
| 02/28/2023 | 9 | **ENDORSED ORDER granting the Government's Motion for Extension of Time to Respond to Defendant's Motion to Terminate Supervised Release. (Doc. 8). The Government may file its response on or before March 13, 2023. Signed by Judge Sheri Polster Chappell on 2/28/2023. (CMC)** (Entered: 02/28/2023) |
| 03/02/2023 | 10 | MOTION to Travel by Richard Luthmann. (Attachments: # 1 Exhibit)(JK) Motions referred to Magistrate Judge Nicholas P. Mizell. (Entered: 03/02/2023) |
| 03/03/2023 | 11 | **ENDORSED ORDER directing USA to respond to Defendant Richard Luthmann's MOTION to Travel (Doc. 10). Responses due on or before 3/13/2023. Signed by Judge Sheri Polster Chappell on 3/3/2023. (AEH)** (Entered: 03/03/2023) |
| 03/09/2023 | 12 | Second MOTION to Travel by Richard Luthmann. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(SEH) Motions referred to Magistrate Judge Nicholas P. Mizell. (Additional attachment(s) added on 3/10/2023: # 4 Proposed Order) (SEH). (Entered: 03/09/2023) |

| 03/13/2023 | 13 | RESPONSE to Motion re 5 MOTION for Early Termination of Supervised Release, 10 MOTION to Travel by USA as to Richard Luthmann (Eth, Simon) (Entered: 03/13/2023) |
| 03/14/2023 | 14 | SECOND EMERGENCY MOTION to Travel by Richard Luthmann. (Attachments: # 1 Declaration)(SEH) Motions referred to Magistrate Judge Nicholas P. Mizell. (Entered: 03/14/2023) |
| 03/15/2023 | 15 | NOTICE of Payment by Richard Luthmann. (SEH) (Entered: 03/15/2023) |
| 03/15/2023 | 16 | **ORDERED: Defendant's Motion to Terminate Supervised Release (Doc. 5) is DENIED. Defendant's Motion to Request for Ruling on Prospective Travel to Chicago, IL and to the Southern District of Florida (Doc. 10) is DENIED. The Declaration in Support of Emergency Application (Doc. 12) is DENIED. Defendant's Second Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14) is DENIED as moot. Signed by Judge Sheri Polster Chappell on 3/15/2023. (AEH)** (Entered: 03/15/2023) |
| 04/12/2023 | 17 | NOTICE OF APPEAL by Richard Luthmann re 16 Order on Motion for Early Termination of Probation Order on Motion to Travel. Filing fee not paid (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(SEH) (Entered: 04/13/2023) |
| 04/12/2023 | 18 | MOTION to Appeal In Forma Pauperis by Richard Luthmann. (Attachments: # 1 Financial Disclosure Statement, # 2 Attachment)(SEH) (Entered: 04/13/2023) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO.: 2:22-cr-21-SPC-NPM

RICHARD LUTHMANN

———————————————————

**<u>OPINION AND ORDER</u>**[1]

Before the Court are four motions filed pro se by Defendant Richard

Luthmann:

1.  Motion to Terminate Supervised Release (Doc. 5)

2.  Motion to Request for Ruling on Prospective Travel to Chicago, IL
    and to the Southern District of Florida (Doc. 10)

3.  Declaration in Support of Emergency Application (Doc. 12), which is
    construed as a motion

4.  Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14)

The United States Probation Office and the Government oppose the first two

motions.  (Doc. 13).

In 2019, Defendant was sentenced to 48 months' imprisonment and 3

years' supervised release by a federal judge in the Eastern District of New York

---

[1] Disclaimer:  Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or their services or products, nor does it have any agreements with them.  The Court is not
responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

("EDNY") for wire fraud and extortion offenses.[2]  He was also ordered to pay $559,911.26 in restitution.  Since sentencing, Defendant has completed his prison term but is on supervised release.  He started supervised release in August 2021 in the EDNY, but jurisdiction was transferred here about seven months later.  (Doc. 4).

Defendant has served about half of his supervised release term, yet he asks the Court to end, change, or reduce the term.  (Doc. 5).  Relatedly, he asks to travel to Chicago for about one week "to practice journalism, take meetings, and take in the culture."[3]  (Doc. 10 at 1).  He also asks for open travel to the Southern District of Florida to work "face-to-face and hands-on with" Frank Parlato, an investigative journalist.  (Doc. 10 at 3).  Defendant says all requested travel will let him earn money and help his transition to society.

After considering factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]"  18 U.S.C. § 3583(e)(1).  The relevant § 3553(a) factors include (1) the nature and circumstances of the offense; (2) the

---

[2] One condition of supervised release is that Defendant cannot leave the judicial district where he lives without his probation officer's or the court's permission.

[3] The so-called emergency of Defendant's Motions is only that he has arrangement to fly to Chicago on March 17, 2023, as well as the scheduled meetings and other leisurely plans.

defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid needless sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After reviewing Defendant's motions and other papers against the above law and record in the criminal case, it denies all requested relief. To start, the EDNY judge presided over the criminal case and considered all the evidence, arguments, and filings (e.g., presentence investigative report, sentencing memoranda, evaluations, etc.) to impose a sentence sufficient, but not greater than necessary to meet the goals of sentencing.[4]  That sentence included the three-year term of supervised release. And Defendant has not persuaded this Court to exercise its discretion to terminate, change, or reduce Defendant's supervised release as originally imposed.

The Court is concerned that Defendant's restitution remains unpaid. He admits that he has little (to no) money and relies on others to support him. So

---

[4] The EDNY judge issued a below Guidelines sentence.

the Court is not inclined to let Defendant travel to Chicago for reasons like attending two matinee performances of off-Broadway shows, touring museums, and sightseeing, all the while staying at an unknown person's apartment who is "out of town." (Doc. 10 at 3-4). Nor is the Court inclined to let Defendant travel to Chicago for business or throughout the Southern District of Florida (which spans Fort Pierce to Key West) to intern for Mr. Parlato. Although the Court appreciates Defendant's efforts to pursue a new career under Mr. Parlato's wing, he can do so after his supervised release term ends in eighteen months. Meanwhile, the Court is confident Defendant can work with his probation officer to secure employment within this District to help earn money for restitution.

At bottom: the interest of justice is best served in maintaining the status quo. Anything less than the three-year term of supervised release with the travel restriction as originally imposed would not promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. And the nature of Defendant's offense, his history, the need to deter him from future crimes, and the need to protect the public further support denying all the Motions.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Terminate Supervised Release (Doc. 5) is **DENIED**.

2. Defendant's Motion to Request for Ruling on Prospective Travel to Chicago, IL and to the Southern District of Florida (Doc. 10) is **DENIED**.

3. The Declaration in Support of Emergency Application (Doc. 12) is **DENIED**.

4. Defendant's Second Emergency Motion Seeking an Opportunity to Be Heard (Doc. 14) is **DENIED as moot**.

**DONE AND ORDERED** in Fort Myers, Florida on March 15, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:     Richard Luthmann
            Counsel of Record

5