UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    v.                                                Case No.: 2:22-cr-21-SPC-NPM

RICHARD LUTHMANN

## UNITED STATES' RESPONSE TO
## DEFENDANT'S MOTION FOR A HEARING (DOC. 22)

On September 9, 2019, defendant Richard Luthmann was sentenced to 48-months imprisonment followed by three years of supervised release in United States District Court for the Eastern District of New York ("EDNY"), Case No. 1:17-cr-664-RJD-RER, in connection with convictions for wire fraud conspiracy (18 U.S.C. § 1343 and 18 U.S.C. § 1349) and extortionate collection of credit conspiracy (18 U.S.C. § 894(a)). (Doc. 1-3). As part of his supervised release, the EDNY sentencing judge imposed conditions on the defendant, including several "mandatory conditions" (Doc. 1-3 at 3), "standard conditions" (Doc 1-3 at 4), and "additional . . . terms" (Doc. 1-3 at 4).

In early 2022, jurisdiction over the defendant's supervised release was transferred to the Middle District of Florida ("MDFL") pursuant to 18 U.S.C. § 3605 and assigned MDFL Case No. 2:22-cr-21-SPC-NPM (Doc. 1). In February and March 2023, the defendant filed several *pro se* motions, all of which were denied by the Court. (Docs. 5, 10, 12, 14, and 16). On August 1, 2023, the defendant filed a *pro se*

motion for a hearing (Doc. 22), and the Court ordered the Government to respond and "include the position of the United States Probation Office" (Doc. 23).

In his motion for a hearing (Doc. 22), the defendant makes a number of requests from the Court, including "for a preliminary conference" (a) "to address whether the substantive law of the [ ] Second Circuit applies to this matter"; (b) "to address whether the U.S. District Court for the Middle District of Florida should be recused from the case"; (c) "to issue temporary and preliminary restraints on the United States Probation Office"; and (d) "to obtain Court-ordered subpoenas and discovery" for a number of individuals, including two probation officers. Doc. 22 at 1-2. The motion also requests "a hearing on and the issuance by the Court of a declaratory judgment" regarding whether the probation office "has violated [the defendant's] rights" and for an order terminating the defendant's supervised release. *Id*. at 2. At the Court's direction, the Government has attached the position of the United States probation Office to the issues raised in the defendant's motion, which is appended as *Exhibit One*. While it is evident from the defendant's filings that he is frustrated by various restrictions imposed on him by virtue of his supervised release status, as discussed below, this Court lacks jurisdiction to address most of the defendant's requests in the context of the currently docketed case. As to the defendant's two requests in this case that are cognizable, they are without merit and should also be denied.

### I. The Court Lacks Jurisdiction to Entertain Several of the Defendant's Requests, Which Should be Denied

*First*, the defendant seeks to "address whether . . . the substantive law of the United States Court of Appeals for the Second Circuit [ ] applies to this matter." Doc. 22 at 1; 5-7. In his motion, the defendant argues *generally* that, "I have the right to have the law of the Judgment in my case applied to my case, here, Second Circuit law." *Id.* at 6. As articulated in his motion, the defendant appears to be requesting that this Court render an advisory opinion pronouncing what law should apply to all issues that may arise in his case. Federal courts, however, do not issue such advisory opinions. *See, e.g., Flast v. Cohen*, 392 U.S. 83, 86 (1968) (noting that "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." (internal quotation marks omitted)); *Miller v. F.C.C.*, 55 F.3d 1140, 1145 (11th Cir. 1995) ("The prohibition on advisory opinions is a logical corollary of the case or controversy requirement."). As such, the Court should deny defendant's request for a general ruling on choice-of-law application in this case.

*Second*, the defendant requests the Court to issue a declaratory judgment regarding "whether and to what extent the U.S. Probation Office for the Middle District of Florida has violated [his constitutional] rights," and to issue "temporary and preliminary restraints . . . to protect [his] constitutional rights, which are ongoingly violated daily." Doc. 22 at 13 – 27; 30. Essentially, through this pleading, the defendant is challenging the constitutionality of the *execution* of his sentence. As such, his claims are not cognizable in this criminal docket; instead, to invoke the Court's

jurisdiction, his claims for relief must be brought in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under [28 U.S.C.] § 2241."). *See also*, *United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) ("Because [defendant] was on supervised release when he filed his motion, the relevant custodian is his supervised release administrator."). As such, the Court should deny the defendant's challenges to the execution of his sentence, as they are not reviewable in this case.

*Third*, the defendant seeks the Court's permission to issue six subpoenas, which are appended to the defendant's motion. Doc. 22 at 28 and 30; Doc. 22-2 at 133-138. Among other reasons, the defendant's request to issue *civil* subpoenas pursuant to Fed. R. Civ. P. 45 cannot be granted as there is no civil action pending before this Court to invoke the Court's jurisdiction to issue such subpoenas. *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action . . . then the process is void"); *United States v. Morton Salt Co.*, 338 U.S. 632, 642 (1950) ("The judicial subpoena power . . . is subject to those limitations inherent in the body that issues them"). As such, the Court should deny the defendant's request to issue Rule 45 civil subpoenas in this case.

## II. Defendant's Requests for Relief that are Cognizable in this Court Should be Denied as Well

In the case currently before the Court, the only requests from the defendant that appear cognizable are the defendant's request for judicial recusal and his request for early termination of supervised release. Though cognizable, neither merit relief.

In his motion, the defendant moves for the Court to recuse itself from his case, citing 28 U.S.C. § 455(a). According to the defendant, "the confidential relationship between the District Court and the USPO creates a *per se* presumption and a basis for disqualification." Doc. 22 at 8. But, the defendant cites no authority for his bold proposition—which would effectively disqualify *every* MDFL judge from *every* supervised released case in the MDFL. Instead, he relies on a generalized conclusion—apparently equally applicable to every judge in the district—that the "public perception is that the MDFL District Court cannot be impartial when passing judgment on its own personnel." Doc. 22 at 8. However, "a judge is presumed to be impartial," and accordingly, "the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008). And "a charge of partiality must be supported by facts, not merely speculation or unsupported claims." *Jefferson v. State Bar of Georgia*, 2022 WL 373122 at *2 (N.D. Ga. July 12, 2022) citing *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (internal quotation omitted). Bare allegations of partiality such as those levied against the Court by this defendant are insufficient on their face to trigger judicial disqualification. *See Fox v. Prudential Financial*, 178 Fed. App'x 915, 918 (11th

Cir. 2006) ("A reasonable person would not find partiality based on bare allegations of bias and nothing more."). Therefore, the defendant's request for recusal should be denied.

The defendant's request for early termination of supervised release, although cognizable in this case, should be denied as well. The Court *may*, after considering factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). On March 15, 2023, after weighing the 18 U.S.C. § 3553(a) factors, this Court denied the defendant's first motion to terminate supervised release while noting, *inter alia*, that "[a]nything less than the three-year term of supervised release . . . as originally imposed would not promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct." Doc. 16 at 4. While the defendant "invite[s] the Court to reconsider its March ruling denying [his] request to terminate [his] supervised release," there is nothing raised in the defendant's motion which should sway this Court from its initial denial of defendant's motion to terminate.

## CONCLUSION

Each of the defendant's pending requests for relief in his motion for a hearing (Doc. 22) should be denied. For the reasons noted above, this Court is without jurisdiction to consider—and therefore should deny—the defendant's general request for a choice-of-law determination, his request for the issuance of restraints and a

declaratory judgment, and for his request to issue civil subpoenas in this case. Additionally, as discussed above, the defendant's request for judicial recusal and termination of supervised release are without merit and should be denied as well.

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   */s/ Simon R. Eth*
      Simon R. Eth
      Assistant United States Attorney
      Florida Bar No. 0091415
      2110 First Street, Suite 3-137
      Ft. Myers, Florida 33901
      Telephone:  (239) 461-2200
      E-mail: simon.eth@usdoj.gov

United States v. Richard Luthmann　　　　　　　　Case No.: 2:22-cr-21-SPC-NPM

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, a true and correct copy of the foregoing document and the notice of electronic filing were sent by U.S. Mail to the following non-CM/ECF participant:

**Richard Luthmann**
338 Sugar Pine Lane
Naples, FL 34108

　　　　　　　　　　　　　　　　　　　　*/s/ Simon R. Eth*
　　　　　　　　　　　　　　　　　　　　Simon R. Eth
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0091415
　　　　　　　　　　　　　　　　　　　　2110 First Street, Suite 3-137
　　　　　　　　　　　　　　　　　　　　Ft. Myers, Florida 33901
　　　　　　　　　　　　　　　　　　　　Telephone:  (239) 461-2200
　　　　　　　　　　　　　　　　　　　　E-mail: simon.eth@usdoj.gov