UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO.: 2:22-cr-21-SPC-NPM

RICHARD LUTHMANN

## OPINION AND ORDER

Before the Court is Defendant Richard Luthmann's Motion for Hearing and Declaratory Judgment on the Improper, Illegal, and Unconstitutional Actions of the United States Probation Office for the Middle District of Florida; Temporary and Preliminary Restraints Requested. (Doc. 22). The Government has responded with the position of the United States Probation Office. (Doc. 24).

In 2019, Defendant was sentenced to prison and supervised release by a New York federal judge for wire fraud and extortion offenses. Defendant has served his prison term but is now on supervised release. He started supervised release up north, but jurisdiction was transferred here months later. (Doc. 4). After the transfer, Defendant filed several pro se motions, including one to terminate supervised release. (Docs. 5, 10, 12, 14). The Court denied them all. (Doc. 16). Defendant is now back with a thirty-one-page motion that seems to make several requests—none of which have merit.

To start, Defendant asks the Court to declare that the Second Circuit's "substantive law" applies because this case started in the Eastern District of New York. But Defendant does not explain what issues he wants Second Circuit law to apply to. Nor does he explain how (if at all) the Second Circuit differs from the Eleventh Circuit on any matter. Without more, Defendant is asking for an advisory opinion that the Court cannot give. *See Flast v. Cohen*, 392 U.S. 83, 86 (1968) ("[T]he oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.").

Next, Defendant wants this Court to recuse and transfer his supervision to the Southern District of Florida because "the confidential relationship between the District Court and the USPO creates a per se presumption and a basis for disqualification." (Doc. 22 at 8). Because the Probation Office is an arm of the judiciary, Defendant says "the public perception is that the MDFL District Court cannot be impartial when passing judgment on its own personnel." (Doc. 22 at 8). Not so. To support his assertions, Defendant invokes no law. But liberally reading the motion, Defendant seems to invoke recusal based on 28 U.S.C. § 455(a).

Under § 455(a), a judge must disqualify herself "in any proceeding in which h[er] impartiality might be reasonably questioned." 28 U.S.C. § 455(a). "[T]he general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329

(11th Cir. 2002) (quotation marks omitted). "The exception to this rule is when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Id.* (quotation marks omitted).

To be clear, the undersigned has no bias against Defendant. And the undersigned can confidently say the same is true for the other judges in the Middle District of Florida. Even so, Defendant makes no allegation that the undersigned harbors any bias stemming from extrajudicial sources. Rather, he offers bare allegations of partiality insufficient to trigger recusal or disqualification. *See Giles v. Garwood*, 853 F.2d 876 (11th Cir. 1988) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations."); *see also Fox v. Prudential Fin.*, 178 F. App'x 915, 918 (11th Cir. 2006) ("A reasonable person would not find partiality based on bare allegations of bias and nothing more."). At most, Defendant challenges the Court's partiality because it previously denied ending his supervised release early. But the Court reached that decision—exercising its independent discretion and reasoning—after considering all Defendant's arguments, the record, and 18 U.S.C. § 3553(a) factors. *See Liteky v. United States,* 510 U.S. 540, 541 (1994) ("[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."). At bottom, a reasonable person would not find partiality based on the facts and record here.

Defendant's next three requests travel together. He asks the Court to preliminarily restrain the Probation Office, to issue "Court-ordered subpoenas and discovery" for two probation officers and other individuals, and to hold a hearing on (and issue) a "declaratory judgment" on whether the Probation Office has violated his constitutional rights. As best the Court can tell, Defendant challenges the constitutionality of the execution of his supervised release sentence. But this criminal action is not the proper forum to do so. He must file a civil action under 28 U.S.C. § 2241—and the Court cannot excuse him from having to do so.[1] With no civil suit, Defendant cannot invoke the Court's jurisdiction to issue subpoenas under Federal Rule of Civil Procedure.

Finally, Defendant again asks the Court to end his term of supervised release. For the reasons explained in its prior Order (Doc. 16), the Court declines to do so.

Accordingly, it is

**ORDERED:**

Defendant Richard Luthmann's Motion for Hearing and Declaratory Judgment on the Improper, Illegal, and Unconstitutional Actions of the United

---

[1] Defendant writes, "The last thing I want to do is have my lawyers file an unnecessary § 1983 action and needlessly burden good cops and probation officers if there are clearly other intervening superseding tortfeasors. I hope Your Honor will obviate that need by issuing a declaration that if my constitutional rights were violated, they were broken by professional law enforcement relying in good faith on misinformation improperly or criminally conveyed." (Doc. 22 at 5).

States Probation Office for the Middle District of Florida; Temporary and Preliminary Restraints Requested (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on September 20, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:    Richard Luthmann
           Counsel of Record

5